```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
JAVIER CORREIA a.k.a. MIGUEL
ROMAN,                          :
                                        REPORT & RECOMMENDATION
                  Plaintiff,   :
                                        05 Civ. 2006 (GBD)(MHD)
         -against-              :

JOHN DOES ## 1-6 and CHIKA      :
NGUMAH NWOGWUGWU,
                                :
                  Defendants.
-------------------------------x
```

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Pro se plaintiff Javier Correia has sent us a motion for a default judgment, dated March 10, 2006. For the reasons that briefly follow, we recommend that the motion be denied.

Plaintiff filed his complaint on February 4, 2005. On September 28, 2005, we granted an extension of time, to October 30, 2005, for plaintiff to serve the complaint on the one identified defendant, Chika Ngumah Nwogwugwu. (Sept. 28, 2005 Memorandum & Order at 2). We also directed that, upon service, defendant's counsel -- presumably the Law Department -- undertake efforts to identify the remaining six John Doe defendants. (Id. at 2-3).

Apparently the United States Marshal was able to serve Mr. Nwogwugwu on January 6, 2006. (See Feb. 1, 2006 Order). We then directed that the Law Department advise us as to whether that

1

defendant had requested representation. Counsel responded within a few days and requested that defendant's time to respond to the complaint be extended to March 9, 2006. (Feb. 9, 2006 letter to the Court from Assistant Corporation Counsel Brooke Birnbaum). We granted that request. (Endorsed Order dated Feb. 9, 2006). Defendant in fact served and filed an answer in a timely fashion. We then issued a scheduling order requiring completion of discovery by September 30, 2006 and the submission of a joint pre-trial order by November 15, 2006. (Order dated March 10, 2006).

Plaintiff prepared a default judgment motion on March 10, 2006, and mailed it to the Court, which received it on March 20. In that motion he asserted that defendant had failed to answer the complaint by the deadline of March 9. Since the answer had in fact been mailed to plaintiff the prior day, we infer that it and plaintiff's motion crossed in the mail.

Under the circumstances, there is no basis for entry of a default or a default judgment. Defendant answered in a timely fashion, and the case is on track for pre-trial proceedings to conclude by the Fall. In short, we recommend that the motion be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the

defendant had requested representation. Counsel responded within a few days and requested that defendant's time to respond to the complaint be extended to March 9, 2006. (Feb. 9, 2006 letter to the Court from Assistant Corporation Counsel Brooke Birnbaum). We granted that request. (Endorsed Order dated Feb. 9, 2006). Defendant in fact served and filed an answer in a timely fashion. We then issued a scheduling order requiring completion of discovery by September 30, 2006 and the submission of a joint pre-trial order by November 15, 2006. (Order dated March 10, 2006).

Plaintiff prepared a default judgment motion on March 10, 2006, and mailed it to the Court, which received it on March 20. In that motion he asserted that defendant had failed to answer the complaint by the deadline of March 9. Since the answer had in fact been mailed to plaintiff the prior day, we infer that it and plaintiff's motion crossed in the mail.

Under the circumstances, there is no basis for entry of a default or a default judgment. Defendant answered in a timely fashion, and the case is on track for pre-trial proceedings to conclude by the Fall. In short, we recommend that the motion be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the

the parties shall have ten (10) days from this date to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 410, Foley Square,, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       March 21, 2006

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE


Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Javier Correia
# 56444-054
FCI Fairton
P.O. Box 420
Fairton, New Jersey 08320

Brooke Birnbaum, Esq.
Assistant Corporation Counsel
   for the City of New York

100 Church Street
New York, New York 10007