```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------x
JAVIER CORREA a.k.a. MIGUEL
ROMAN,                          :
                                     REPORT & RECOMMENDATION
              Plaintiff,        :
                                     05 Civ. 2006 (GBD)(MHD)
       -against-                :

JOHN DOES ## 1-6 and CHIKA      :
NGUMAH NWOGWUGWU,
                                :
              Defendants.
-------------------------------x
```

TO THE HONORABLE GEORGE B. DANIELS, U.S.D.J.:

Pro se plaintiff Javier Correa has sent us a motion for a default judgment, dated November 28, 2006. For the reasons that briefly follow, we recommend that the motion be denied.

Plaintiff filed his complaint on February 4, 2005, naming one identified defendant and a number of John Does. On September 28, 2005, we granted an extension of time, to October 30, 2005, for plaintiff to serve the complaint on the one identified defendant, Chika Ngumah Nwogwugwu. (Sept. 28, 2005 Memorandum & Order at 2). Plaintiff eventually served an amended complaint on that defendant on January 6, 2006, and he timely answered, although plaintiff moved unsuccessfully for a default judgment premised on the mistaken notion that he had not done so. (Report & Recommendation dated March 21, 2006).

1

Plaintiff thereafter identified a number of the John Doe defendants, and we granted him leave to serve an amended complaint on them. (Orders dated June 20 & Sept. 21, 2006). Service was delayed for various reasons, but on October 16, 2006 his amended pleading was served on a Corrections Officer Bernstein. Counsel for defendants requested, and we granted, an extension of time until November 27, 2006, to answer the complaint on behalf of Officer Bernstein, who had been served on October 16, 2006, and Dr. Nwogwugwu, who had been served on October 24, 2006. (Endorsed Order dated Nov. 6, 2006).

The answer to the complaint was not filed on November 27, 2006, and plaintiff thereupon served a motion for a default judgment the next day, November 28, 2006. Defendants then sought permission on December 1, 2006 to serve and file their answer by December 4, a request that we granted without prejudice to plaintiff's newly pending default motion. (Endorsed Order dated Dec. 1, 2006). Defendants thereupon served and filed their answer on December 1, and they have since submitted their opposition to plaintiff's motion. In that response counsel explained that the three-day delay in responding to the complaint was inadvertent, and attributable to a transfer of responsibility for the case within the Law Department, as well as confusion engendered by a focus on responding to plaintiff's multiple depositions on written

2

questions. (Dec. 4, 2006 letter to the Court from Ass't Corp. Counsel Seth D. Eichenholtz).

Under the circumstances, there is no basis for entry of a default or a default judgment. Such dispositive relief is disfavored and should not be granted where the defendant has not acted willfully, has a colorable defense and has not materially prejudiced the plaintiff. See, e.g., Pecarsky v. Galaiworld.com, Ltd., 249 F.3d 167, 171, 174 (2d Cir. 2001). In this case defendants' failure to serve an answer until three days after the due date was plainly inadvertent and not willful. Moreover, plaintiff's claims of excessive force are heavily fact-specific, and he does not even attempt to demonstrate the absence of a colorable defense by these defendants. Finally, he offers no indication of prejudice from the three-day delay. He has been given timely discovery by defendants throughout this period, and there is no suggestion that his ability to prepare his case has been hampered in any respect.

In sum, we recommend that the plaintiff's motion for a default judgment be denied.

Pursuant to Rule 72 of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from this date to file written

objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court and served on all adversaries, with extra copies to be delivered to the chambers of the Honorable George B. Daniels, Room 410, and to the chambers of the undersigned, Room 1670, 500 Pearl Street, New York, New York 10007. Failure to file timely objections may constitute a waiver of those objections both in the District court and on later appeal to the United States Court of Appeals. See Thomas v. Arn, 470 U.S. 140, 150 (1985); Small v. Secretary of Health and Human Services, 892 F.2d 15, 16 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: New York, New York
       January 12, 2007

_____
MICHAEL H. DOLINGER
UNITED STATES MAGISTRATE JUDGE

Copies of the foregoing Report and Recommendation have been mailed today to:

Mr. Javier Correa
# 27373
Cape May County Correctional Center
4 Moore Road
Cape May Courthouse, New Jersey 08210


Seth D. Eichenholtz, Esq.
Assistant Corporation Counsel
   for the City of New York
100 Church Street
New York, New York 10007