UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                           :

JAVIER CORREA a.k.a. MIGUEL ROMAN,    :

                         Plaintiff,    :          05 CV 2006 (GBD)

   -against-    :

                                    :               ORDER

JOHN DOES ## 1-6 and CHIKA NGUMAH  :
NWOGWUGWU.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, District Judge:

       On November 28, 2006, *pro se* plaintiff Javier Correa filed for default judgment against defendants a day after defendants' last day to answer. Defendants sought permission on December 1, 2006 to serve and file their answer by December 4, which Magistrate Judge Michael H. Dolinger granted without prejudice to plaintiff's default judgment motion. Defendants proceeded to file their answer on December 4. On January 12, 2007, Magistrate Judge Dolinger issued a Report and Recommendation ("Report") recommending that the plaintiff's motion for a default judgment be denied. Plaintiff filed objections dated January 21, 2007.

       The Court must make "a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); see also, Fed.R.Civ.P. 72(b). The Court does not need to conduct a hearing on the matter. United States v. Raddatz, 447 U.S. 667, 676, 65 L. Ed. 2d 424, 100 S. Ct. 2406 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusion" regarding those portions to which the objections were made. See Nelson v. Smith, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 1985) (quoting Hernandez v. Estelle, 711 F.2d 619, 620 (5th Cir. 1983)).

Accordingly, the Court, in the exercise of sound judicial discretion, must determine the extent, if any, it should rely upon the Magistrate Judge's proposed findings and recommendations. Raddatz, 447 U.S. at 676.  The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  Findings by the Report that are not objected to may be adopted so long as they are not clearly erroneous. Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985).

  In the Report, Magistrate Judge Dolinger found that defendants' delay in serving an answer was inadvertent and not willful.  Defendants explain that the delay was attributable to preoccupation with responding to plaintiff's multiple interrogatories and a transfer of responsibility within the New York City Law Department.  Plaintiff, in his objections, maintains that the motion for a default judgment should be granted because the defendants' answer was untimely.  Plaintiff asserts that defendants are not incompetent, had clear notice of the November 27, 2006 deadline, and could have sought an extension.  He disputes the Report's conclusion that defendants did not acted willfully in their delayed answer, and claims that defendants had provided him with "misleading information" that he did not specify. (Objections 3).  Finally he argues that the delay was a "major prejudice".  (Objection 4).

  When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise respond, the clerk of the court shall enter that party's default.  Fed.R.Civ.P. 55(a). However, "for good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c). "When deciding whether to relieve a party from default or default judgment, we consider the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." Pecarsky v. Galaxiworld.com, Ltd., 249 F.3d 167, 171 (2001).  Defendants have provided valid reasons for missing the answer date.

They did not default willfully and continued to mount a meritorious defense. Additionally, plaintiff presented no evidence of any prejudice the untimely answer caused to his case, nor is there indication that plaintiff's ability to prepare his case has been unduly prejudiced. Based on the evidence, default judgment is unwarranted.

The Court has reviewed the remaining portions of the Report to which no objections were made, and finds that they are not facially erroneous.

Accordingly, it is hereby ORDERED that the Report and Recommendation is adopted; and it is further ORDERED that the plaintiff's motion is denied.

Dated: February 28, 2007
New York, New York

SO ORDERED:

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge